B. Haynes, Liquidator, &c. *v.* S. B. Kent.

The Stockholders of the Clinton and Port Hudson Railroad Company are, in no legal sense, joint debtors of the Corporation. The obligations of each are several, and entirely unconnected with those of the other stockholders.

A stockholder in the Clinton and Port Hudson Railroad Company, who holds the bonds and coupons belonging to the series for which his mortgage is pledged, may plead the same in compensation of his stock subscription.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Stirling,* J. *Ellis & Merrick,* for plaintiff. *Bowman & DeLee,* for defendant and appellant.

Rost, J. The Gas Light and Banking Company discounted two hundred and fifty bonds of $1000 each, issued by the Clinton and Port Hudson Railroad Company, and received in pledge, as security, the mortgages given by the stockholders of the Company to secure the amounts of their subscription of stock.

The Gas Bank disposed of some of those bonds, and is still the owner of two hundred and twelve of them, a large part of which is overdue.

In conformity with the opinion and decree of this Court, in the case of the *New Orleans Gas Light Company* v. *Bennett,* 6 Ann'l, 456, that the equities of the creditors of the Company must be worked out through the corporate officers, the Gas Bank instituted proceedings against the plaintiff to compel him, as liquidator of the Company, to make a call upon the stockholders for a sufficient amount to pay the matured bonds for which the stock is primarily liable, and the interest on said bonds. There was judgment for the plaintiff in that suit, and, in execution of it, a call of three-fifths of the amount of the subscription has been made. This action is brought to enforce against the defendant the contribution, due by him, upon fifty-one shares of stock.

The defendant excepted to the petition, on the ground that his obligation to the Company was joint, and no action could be maintained against him unless all the stockholders were made parties to the suit.

There is nothing in this exception, and it was properly over-ruled. The defendant stands as any other partner in a joint stock Company, and is bound to pay, when regularly called upon, the share of the capital which he agreed to furnish. He is, in no legal sense, a joint debtor of the corporation. His obligation, on the contrary, is several and entirely unconnected with those of the other stockholders. He owes the amount of his subscription, whether they pay or not, and nothing beyond that amount can be claimed of him under any circumstances.

On the merits, neither the indebtedness of the Corporation, nor the necessity of the call to meet it, are denied. The only defence set up is, that the defendant is the holder of bonds and coupons of interest, for which his mortgage is pledged, exceeding the entire amount of his subscription, and that he has thus extinguished his liability to the Company. He further avers, that although he did not believe it necessary, for the purpose of avoiding litigation, he made to the plaintiff a tender, under protest, of the bonds and coupons of interest, which he holds, together with ten per cent, in current money of the United States, in satisfaction of his liability to the Company; which tender the plaintiff refused.

The prayer of the answer is, that the plaintiff's demand be rejected; that he be ordered to receive and cancel the bonds and coupons, tendered him, as the defendant's proportion of liability on said bonds; that the mortgage consented by the defendant to the Company, be cancelled, and that he may have judgment in reconvention for so much as may be due him on the bonds and coupons of interest, over and above his liability as a stockholder.

There was judgment for the defendant, that he be discharged from all obli-' gation on account of his subscription for stock, and the Court considering that the mortgage, consented by him, had been extinguished by compensation, ordered it to be cancelled.

The bonds and coupons of interest, tendered by the defendant, are over due, and, it is conceded, that they belong to the series secured by the stock mortgage of the defendant. From the plaintiff's allegation, that the three-fifths for which he has made a call, are necessary to meet the matured bonds of that series, and the interest due on them, we infer that the amount called in will be sufficient for that purpose. The defendant then stands as a preferred creditor of the Company for the very amount he is called upon to pay. The claim of the Company against him has been liquidated and made demandable by the call which the plaintiff has made. The claim of the defendant against the Company is equally liquidated and demandable, and there was a sufficiency of assets to meet the matured liabilities, for which the stock mortgage of the defendant stands pledged. Under that state of facts, we think that, so far as the amount called in is involved, the District Judge correctly held the plaintiff's demand to have been extinguished by compensation.

As, however, the bonds and coupons of interest, held by the defendant, are not in the record, and we are unable to identify them in the decree, we will give judgment for the plaintiff, to be satisfied by the delivery to him of an equal amount of the bonds and coupons, tendered by the defendant.

The claim of the defendant, in reconvention, cannot be acted upon at this time. His rights will depend upon the situation of the Company when the last series of the preferred bonds matures, and the remainder of the subscription is called in.

It is ordered that the judgment be reversed.

It is further ordered, that the plaintiff recover of the defendant the sum of three thousand and sixty dollars, payable with an equal amount of the bonds and coupons of interest due by the Clinton and Port Hudson Railroad Company and tendered to the plaintiff.

It is further ordered, that the reconventional demand of the defendant be dismissed, without prejudice, and that he pay the costs of this appeal and of the District Court.